```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ALABAMA
                        MIDDLE DIVISION

CONNIE SIMMONS, et al.,      }
                             }
     Plaintiffs,             }
                             }    CIVIL ACTION NO.
v.                           }
                             }    99-AR-1505-M
CONGRESS LIFE INSURANCE      }
COMPANY, et al.,             }
                             }
     Defendants.             }
```

FILED JUL 19 PM 2:04 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED JUL 19 1999

## MEMORANDUM OPINION

At this court's regular motion docket on July 16, 1999, plaintiffs, Connie Simmons and Timmy Simmons, through their attorney-of-record, orally agreed to supplement their motion to remand by agreeing not to seek or to accept any sum greater than $74,9999 from defendants or any of them. Thereafter, plaintiffs filed a motion for leave to amend their complaint to formalize that commitment. Both the motion for leave to amend and the motion to remand are due to be granted despite defendants' objections. Defendants contend that the proposed amendment is meaningless and does not succeed in complying with the jurisdictional rules described in *Bailey v. Wal-Mart Stores*, 981 F.Supp. 1415 (N.D. Ala. 1997), and *Moss v. Voyager Ins. Cos.*, 43 F.Supp.2d 1298 (M.D. Ala. 1999). Defendants are unduly alarmed. When an officer of this court makes a representation to this court, this court takes the

word of that officer. Under such circumstances, this court DEEMS plaintiffs to have manifested their intention in an unequivocal and a binding fashion so as to meet the requisites of *Bailey* and *Moss*. Rule 11 F.R.Civ.P. is, of course, available in the event it should be needed, something this court certainly does not anticipate in this case.

A separate appropriate order will be entered.

DONE this 19th day of July, 1999.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE